## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Katherine Sauter,

Plaintiff,

v.

**COMPLAINT**

3M Company, Plan Administrator for
3M's Short-Term and Long-Term
Disability Plans,

Defendant.

Comes now the Plaintiff, for her cause of action against the Defendant, states and alleges as follows:

### JURISDICTION

1.    Jurisdiction is conferred under 29 U.S.C. §1132(e) as Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §1001 et seq.

### PARTIES

2.    Plaintiff is a Minnesota resident.

3.    Defendant 3M Company is headquartered in Maplewood, Minnesota and is licensed to do and does business in the State of Minnesota.

### FACTS

4.    At all times material herein the Plaintiff has been employed by 3M Company.

5.    3M Company maintains a self-funded short-term and long-term disability

plan ("STD/LTD Plan"), an employee benefit plan under ERISA. Plaintiff is a participant and covered by the STD Plan.

6.    3M is the Plan Administrator and a fiduciary of the STD/LTD Plan.

7.    Sedgwick CMA serves as claims administrator of the STD/LTD Plan.

8.    Ms. Sauter began experiencing burning pain, numbness and tingling with weakness in her arms in May 2014 after she started a new position with a significant amount of computer work. Her symptoms were consistent with ulnar tunnel syndrome. Ms. Sauter's position was as a U.S. Solutions Marketer and was responsible for developing and executing innovate marketing programs to accelerate the growth of the business.

9.    Ms. Sauter's symptoms continued. She had injections for carpal tunnel syndrome in September 2015. On November 23, 2015, she had left ulnar nerve decompression and carpal tunnel release, and on the same procedure on the right side on December 31, 2015.

10.    The procedures improved but she continued to have elbow pain. She attended physical therapy through March 2016 but continued to have pain and fatigue.

11.    By June 30, 2016, her symptoms had largely returned. She tried acupuncture in August 2017, but her symptoms persisted.

12.    On June 19, 2018 she was seen by a hand surgeon. Occupational therapy was recommended.

13.    On September 7, 2018, her physician agreed she should stop working to see if her conditions improved. Ms. Sauter's last day of active employment was September 16, 2018.

14.     Ms. Sauter returned to physical therapy on October 24, 2018. Her symptoms did not improve.

15.     Ms. Sauter had an MRI on February 5, 2019, showing nonspecific short segment increased signal of the ulnar nerve proximal to the cubital tunnel and mild changes of the tendons around the elbow. Surgery was suggested.

16.     Ms. Sauter was seen by a surgeon on March 25, 2019 who documented physical exam findings of "extremely tender with palpation of the ulnar nerve at the cubital tunnel and just distal to the cubital tunnel" and "mildly hypersensitive to light touch over the medial elbow although sensation is preserved in the MABC distribution." The surgeon diagnosed her with cubital tunnel syndrome and opined that surgery was reasonable.

17.     Surgery was performed on April 23, 2019, to redo the right cubital tunnel. The surgical findings state that the ulnar nerve appeared compressed by tight, deep fascia between the two heads of the FCU.

18.     At the last post-operative visit with the surgeon on June 3, 2019, Ms. Sauter was told that her return to daily activities would be a gradual process and could take one to two months but added that nerve recovery is a lengthy process.

19.     A note from an orthopedic specialist in August 2019 states Ms. Sauter continues to experience ongoing widespread pain, most pronounced central and right paracentral lower cervical pain and right paracentral upper thoracic pain. It notes that pain increases with sitting, computer work, and more intense as the day goes on.

20.     3M erroneously terminated Ms. Sauter's health insurance, so she was unable to obtain medical care for a few months until 3M reinstated her health care coverage.

21.     The surgery did help with the pain in Ms. Sauter's right elbow, she continued to have upper extremity symptoms. An MRI was conducted on December 10, 2019, with the following findings: mild spondylosis without uncovertebral spurring C6-7, C5-6, and C4-5, mild left facet degeneration C7-T1 through T2-3, chronic superior T2 endplate deformity. The reviewing physician provided clinical impression of cervical spondylosis, cervical radiculopathy, thoracic spondylosis, lumbar spondylosis, lumbar radiculopathy, and myofascial pain.

22.     On December 20, 2019, Ms. Sauter's primary care physician conducted a physical exam and reviewed the recent MRI. The physician stated that the exact etiology of her symptoms is not clear but that neuropathic pain at C8/T1 distribution has some correlation to the MRI findings.

23.     In early December 2019, Ms. Sauter was prescribed more physical therapy for a 12-week period.

24.     Due to her chronic health condition, Ms. Sauter was approved for the full amount of FMLA from September 17, 2018 to December 7, 2018.

25.     Ms. Sauter applied for short-term disability benefits. Sedgwick denied her claim.

26.     After an appeal, Sedgwick agreed she was entitled to benefits from the date of her surgery and for a period of eight weeks to recover, from April 23, 2019 to June 22, 2019.

27.     Ms. Sauter submitted a final appeal on December 26, 2019, with a significant amount of additional objective evidence provided on February 20, 2020. Ms. Sauter's

primary care physician also provided a letter in support, stating Ms. Sauter has "severe and diffuse myofascial pain and bilateral ulnar neuropathic pain" and that her symptoms directly affect her ability to work. Her physical therapist also corresponded with Sedgwick relaying objective evidence supporting Ms. Sauter's symptoms.

28.     Sedgwick continued to deny the claim for the periods September 27, 2018 to April 22, 2018 and from June 23, 2019 forward. The medical review was conducted by Carol Hulett, M.D., the same physician who had reviewed the evidence several times prior. Dr. Hulett reiterated the same reasoning to support a denial of claim, stating there were not quantified significant decreases in range of motion, no strength deficits or sensory changes, and there were no additional or new clinical findings or medical information to support disability after surgery.

29.     Ms. Sauter complained several times about the lack of a full and fair review process.

30.     The decision to deny the short-term and long-term disability benefits is in violation of the Plan, a violation of ERISA, and a violation of the fiduciary duties owed by the Defendant to the Plaintiff.

31.     As a direct and proximate result of the Defendant's actions, Plaintiff has sustained damages based on benefits due under the Plan.

32.     As a direct and proximate result of Defendant's actions, Plaintiff has been forced to incur costs and attorney's fees and, under the terms of ERISA, is entitled to be reimbursed by the Defendant for said fees and costs.

**WHEREFORE**, Plaintiff requests judgment against the Defendant granting her the following relief:

1.     Ordering Defendant to pay Plaintiff all benefits due under the STD/LTD Plan.

2.     Awarding Plaintiff prejudgment interest on the amount of benefits due.

3.     Awarding Plaintiff costs and attorney's fees incurred in bringing this proceeding.

4.     Granting Plaintiff such other and further relief as the Court may deem just and equitable.

Dated:   September 23, 2020                **NOLAN, THOMPSON & LEIGHTON**
                                           **& TATARYN, PLC**


                                           By:  /s/ *Denise Y. Tataryn*
                                                Denise Y. Tataryn (#179127)
                                                5001 American Boulevard West, Suite 595
                                                Bloomington, MN 55437
                                                Phone: 952-405-7171
                                                Email:   dtataryn@nmtlaw.com

                                                *Attorney for Plaintiff*